This is an action on a policy of insurance.
The facts appear in the judgment rendered in the Superior Court, which is as follows: *Page 486 
"This cause coming on for trial before his Honor, George W. Connor, and a trial of the issues by jury being expressly waived by counsel of both sides, who agreed that the court should find the facts, and enter judgment, etc., and upon consideration of the entire evidence submitted the court finds the following facts:
"1. That on 15 December, 1906, M. J. Newman applied to defendant company for policy of insurance, the form of policy being a 10-year renewable policy, with premiums payable quarterly.
"2. That pursuant to said application, policy numbered 6,640 was duly issued on 3 December, 1906, payable to plaintiff Sarah E. Newman, upon proper proof of the death of her husband, the insured, provided the policy was in force at the time of his death.
"3. By the terms of said policy it was expressly stipulated that thirty days grace would be given for payment of any premiums after the first without interest, and the policy should be null and void immediately after the time of grace allowed for payment of any premium had expired.
"4. By the terms of said policy it was further stipulated that the same might be exchanged (without reexamination and without written application to the association at any time before its expiration when no premium was due and unpaid) for any other form of policy written by said association. (Whereby the association's liability shall not be increased, or premium rate lowered.) The new policy to run from the date of the surrender of this policy, at the rate of premium then chargeable by the association, on policies of that date, at the then age of the insured.
"5. That by the terms of said policy it was expressly stipulated that the privilege was given for renewing said policy without reexamination for successive periods of ten years each, before the expiration of each period the premiums for new periods to be increased with the increased age of the member according to table of rates stated and printed upon the policy, and to be payable on the dates mentioned therein.
"6. That said M. J. Newman paid all the premiums on said policy up to and including the quarterly premium due 1 October, 1916, and said policy by its terms would have expired on 31 December, 1916.
"7. That on 4 December, 1916, defendant company wrote a letter to said Newman, calling his attention to the fact that his policy would expire 3 December, 1916, and if he renewed it for another period of ten years the quarterly premium due 31 December, 1916, would be $23.44, in which letter the said company directed his attention to his rights to exchange this policy to a whole-life policy, setting forth the advantages to the insured of the exchange.
"8. That on 13 December, 1916, the defendant company again wrote Newman a letter, acknowledging its receipt of its letter of 12 December, 1916, setting forth in full the terms and provisions in accordance with *Page 487 
which he might take a whole life policy, and by said letter advised the insured further as follows: `You of course have until 30 January, 1917, to pay the premium due 31 December, 1916.'
"9. That on 15 December, 1916, the defendant company forwarded to insured a notice by postal card, advising him that the premium on his policy of $23.44 would be due 31 December, 1916, and this premium would keep his policy in force till 1 April, 1917, and that said notice was duly received by said Newman.
"10. That on 3 January, 1917, the insured, M. J. Newman, wrote defendant company advising it that he was unable to avail himself of his privilege of exchanging his 10-year renewal policy for a whole-life policy.
"11. That on 3 January, 1917, the defendant company wrote said M. J. Newman a letter advising him that no reply had been received from him to its letter of 13 December, 1916, relative to the exchange and conversion of the 10-year policy into a whole-life policy, and further advising him that it had mailed him, on 15 December, 1916, its regular postal-card notice for the quarterly premium of $23.44, due December, 1916, under his 10-year term policy, and further advising him that if he desired to make the change it would adjust his premium accordingly.
"12. That on 23 January, 1917, the insured died, was buried 24 January, 1917, and on 25 January, 1917, the plaintiff, through his attorney, Henry E. Faison, Esq., duly mailed notice of insured's death to the defendant company at Washington, D.C., and requested its blanks upon which proofs of his death could be made.
"13. That replying thereto on 26 January, the said company wrote the said attorney for plaintiff, acknowledging receipt of the proofs of death of M. J. Newman requesting the same to be filled up and returned, and further stating, `That this association does not take advantage of technicalities in settlement of policies.'
"14. That said blanks were duly filled out and returned to the company on 27 January, 1917, and on 3 February following the defendant company advised said attorney that the proofs of death had been duly received, but declined to pay the plaintiff anything on the policy.
"And upon the foregoing facts, the court being of the opinion that the policy was valid and in force at the death of the insured, M. J. Newman, adjudges that the defendant company is liable to the plaintiff herein and hereby rendering judgment in her behalf that she recover of the defendant company the sum of $2,000, less the sum of $23.44, and interest on said balance of $1,976.56 from 3 February, 1917, till paid, and the costs of this action to be taxed by the clerk.
GEORGE, W. CONNOR, Judge." *Page 488 
From this judgment the defendant company appealed to the Supreme Court.
The facts found are sufficient to support the judgment, which seems to be in accord with the views of the defendant before this action was commenced, as its secretary and general manager wrote the attorney for the plaintiff on 26 January, 1917:
"Mr. Newman's premium was due on 31 December, and he had thirty days grace in which to pay it. The policy was therefore in full force and effect when he died. We are therefore enclosing you the proofs of death."
Affirmed.